**TWIN CITY FEDERAL SAVINGS AND LOAN ASSOCIATION, A United States of America Corporation, Respondent,**

v.

**Susan B. ZIMMERMAN, a.k.a. Susan B. Bergquist, Appellant.**

No. C8–87–500.

Court of Appeals of Minnesota.

Sept. 1, 1987.

James T. Swenson, Minneapolis, for respondent.

William E. Ahlberg, Ahlberg Law Firm, Ltd., Apple Valley, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and LOMMEN \*, JJ.

## OPINION

A. PAUL LOMMEN, Acting Judge.

As a condition to receiving a mortgage loan from Northern Federal Savings and Loan Association, now respondent Twin City Federal Savings and Loan Association, (TCF), appellant Susan B. Zimmerman, a.k.a. Susan B. Bergquist (hereafter Bergquist) purchased a mortgage guaranty insurance policy which would pay TCF for a loss it sustained if appellant defaulted on her loan payments. Appellant did default, and respondent commenced foreclosure by action.

The trial court determined TCF was entitled to foreclose on the property, and further stated Bergquist was indebted to TCF for $39,435.54. The court also held TCF was entitled to recover a deficiency judgment from Bergquist if the foreclosure sale proceeds did not cover the amount owed TCF.

Bergquist appeals from the judgment, specifically claiming the trial court erred in determining TCF is entitled to recover a deficiency judgment against her.

## FACTS

Appellant obtained a mortgage loan from TCF to finance a condominium. As part of the transaction, appellant agreed to purchase a mortgage guaranty insurance policy issued by Foremost Guaranty Corporation (Foremost) in favor of TCF. Appellant paid an initial premium of $402.50, and made monthly premium payments of $6.44 thereafter, as part of her monthly loan payments.

The mortgage guaranty insurance policy is comprised of two parts: a Commitment for Insurance and a Master Policy. The Master Policy provides that, on appellant's failure to pay four or more consecutive monthly payments due under the terms of the mortgage agreement, and upon notice by TCF and compliance with other claims procedures, Foremost shall pay the loss due to TCF. Foremost has the option of paying either the "the amount of guaranty" set forth in the Commitment of Insurance—$32,000, or the principal balance due under the Mortgage Agreement with accumulated interest, real estate taxes, hazard insurance premiums, reasonable and necessary expenses incurred by TCF in preservation of the mortgaged real estate and necessary legal expenses.

As part of the claims procedure, TCF is required, under the terms of the policy, to "bid at any foreclosure sale the amount due to [TCF] under the terms of this policy."

Upon appellant's default, TCF commenced foreclosure by advertisement, but abandoned this proceeding in favor of foreclosure by action. The trial court determined TCF was entitled to foreclose the mortgage, and further held appellant owed TCF:

(1) the mortgage amount, $34,900.04, with interest at the rate of $10.02 per day and late charges at the rate of $12.76 per month from January 20, 1986, to the time of payment;

(2) $1,940.60 in attorney fees; and

(3) $84.50 for other reasonable foreclosure costs.

The court also stated appellant was personally liable for the debt, and if the sale proceeds were insufficient to satisfy the judgment, appellant was liable for the deficiency.

A judicial sale was held, and TCF bid at the sale. TCF had the highest bid, and obtained the property for $23,000. This amount was not the "amount due to [TCF] under the terms of [the Foremost] policy." Bergquist appeals only from the court's determination that she is liable for a deficiency judgment.

## ISSUE

Is a mortgagor who pays the premiums for mortgage guaranty insurance in favor of the mortgagee, a third party beneficiary to the contract of insurance between the mortgagee and the insurer?

---

\* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ANALYSIS

■ Appellant contends she is a third party beneficiary to the insurance contract between Foremost and TCF. She thus claims TCF should be compelled to look to Foremost for any deficiency from the foreclosure sale.

In *Cretex Companies v. Construction Leaders, Inc.*, 342 N.W.2d 135 (Minn.1984), the Minnesota Supreme Court adopted the intended beneficiary approach outlined in Restatement (Second) of Contracts § 302 (1979). *Id.* at 139. Section 302 provides in part:

Intended and Incidental Beneficiaries

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Restatement (Second) of Contracts § 302(1) (1979).

TCF argues Bergquist is not an intended beneficiary under § 302(a) because Foremost, the promisor, did not promise TCF, the promisee, that Foremost would fulfill any duty owed by TCF to appellant. TCF claims it was appellant who owed a duty to TCF, *i.e.*, to repay her mortgage loan. Foremost, as surety, merely guaranteed partial performance of her duty. Appellant concedes she is unable to recover under this theory.

TCF also argues Bergquist does not meet the requirements of a third party beneficiary under § 302(b) by claiming neither Foremost nor TCF intended to benefit her. Bergquist, however, claims the insurance contract evidences an intent to benefit her because under the policy, Foremost has no subrogation rights against her for any monies paid by Foremost to TCF for losses sustained by TCF from Bergquist's default.

Respondent, however, correctly claims in determining whether the necessary intent is present, courts look to whom performance is to be rendered. As stated in *Buchman Plumbing Co. v. Regents of the University of Minnesota*, 298 Minn. 328, 215 N.W.2d 479 (1974):

If, by the terms of the contract, performance is directly rendered to a third-party, he is intended by the promisee to be benefited. Otherwise, if the performance is directly rendered to the promisee, the third-party who also may be benefited is an incidental beneficiary with no right of action.

*Id.* at 335, 215 N.W.2d at 484. In this case, Bergquist paid for an insurance policy by which Foremost promised to pay TCF for a loss TCF would sustain by reason of Bergquist's default on her mortgage. Thus, respondent argues since the performance was to be rendered directly to TCF, Bergquist is only an incidental beneficiary.

We agree. Clearly the parties to the insurance policy intended that Foremost's performance was to be rendered to the lender, not to appellant. *See Cretex*, 342 N.W.2d at 140–41 (court held materialmen were not third party beneficiaries under a performance bond, stating contracting parties intended the surety's performance to be rendered to the owner, not to the materialmen).

Appellant argues it is unfair to allow TCF to "elect" from whom it desires to collect the deficiency, especially since she was required, as a condition to her loan, to pay the insurance premiums. Under the terms of the policy, only TCF has the right to make a claim against Foremost. TCF is also required to bid at the foreclosure sale the amount of the loss due to it. TCF chose to bid only $23,000. If TCF had complied with the terms of the policy, then it would have bid $32,000 at the foreclosure sale, thus greatly decreasing the amount of any deficiency.

Respondent argues that appellant is in effect claiming that by paying the insurance premiums she was given the ability to walk away from her mortgage for any reason at all, while being relieved of any

further obligations. Respondent claims recognition of Bergquist as a third-party beneficiary here would violate public policy. Respondent cites *Bituminous Casualty Corp. v. Bartlett,* 307 Minn. 72, 240 N.W.2d 310 (1976) in support of its argument that Minnesota law does not permit a party to insure his failure to perform under a contract absent an accident which prevents performance. The *Bituminous* court stated:

> If the single insured is allowed through intentional or reckless acts to consciously control the risks covered by the policy, a central concept of insurance is violated.

*Id.* at 78, 240 N.W.2d at 313. Although appellant argues TCF is the insured, not herself, the practical effect of compelling TCF to look to Foremost for the deficiency would be to benefit Bergquist as if she were the actual insured.

 Although it seems inequitable for TCF to compel a mortgagor to pay in excess of $400.00 for insurance premiums, and then decline to file a claim against the insurer, TCF was under no obligation to seek payment of the debt from the insurer.

We note this is not a case where appellant seeks to have the mortgagee estopped from seeking a deficiency judgment against her, based on representations made to her, and upon which she relied, that the mortgagee would file a claim with the insurer upon her default. Absent this type of equitable claim, we fail to see how appellant, a stranger to the contract, can force TCF to look to a third party to recover the debt.

## DECISION

Appellant is not a third party beneficiary to the contract of insurance between TCF and Foremost Guaranty Corporation. The trial court did not err in determining appellant was liable to respondent for a deficiency judgment.

Affirmed.